786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
LARRY DERELL HILL, Defendant-Appellant.
 85-5424
 United States Court of Appeals, Sixth Circuit.
 2/24/86
 
 E.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court for the Eastern District of Tennessee
 Before: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Larry Derell Hill appeals his conviction in the United States District Court for the Eastern District of Tennessee on a three-count indictment charging conspiracy to steal and receive stolen goods moving in interstate commerce, theft of goods traveling in interstate commerce, receipt of stolen goods moving in interstate commerce and aiding and abetting in violation of 18 U.S.C. Secs. 371, 659 and 2.
 
 
 2
 In the spring of 1982, Larry Hill, in concert with Joe Green, Jr. and Gifford Fuller, allegedly stole a truckload of candy, toiletries and supplies that Green was hauling as a driver for Tennessee Cartage Company. Hill allegedly abandoned the truck, sold a portion of the shipment to Fuller, and initially stored the remainder at Fuller's grocery store. He later contacted Jimmy Rector seeking assistance in removing the remainder of the shipment. After assisting Hill, Rector, who was then working as an undercover operative for the Federal Bureau of Investigation, contacted special agent Arthur B. Turner. As part of a plan to purchase the remainder of the shipment, the FBI made tape recordings of telephone conversations between Rector and Hill and Hill's brother.
 
 
 3
 Larry Hill, along with others, was indicted on December 18, 1984, and convicted on each of the three counts. On appeal he contends that the district court erred in admitting into evidence, without redacting or issuing a cautionary instruction, a tape recording of a phone conversation between Rector and Larry Hill that referred to a possible transaction not charged in the indictment, and in refusing to grant a mistrial based on the prosecution's reference to Hill as a 'crook' during its closing argument.
 
 
 4
 Upon a review of the record, the court is of the opinion that while it was error for the trial judge not to have redacted that portion of the tape referring to defendant's possible interest in dealing in other merchandise not the subject of the indictment, Fed. R. Evid. 404, under the circumstances the error must be considered as harmless and as not affecting the fundamental fairness of Hill's trial. We find nothing in the closing arguments of government's counsel which was unfair or otherwise requires reversal. Counsel's characterization of defendant plainly referred to the conduct with which he was charged, and while that comment may have challenged the bounds of permissible argument, it did not under the circumstances here exceed them.
 
 
 5
 AFFIRMED.